UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTINA BALAN,<br>    Plaintiff,<br>v.<br>TESLA MOTORS INC.,<br>    Defendant. | Case No. 19-cv-00449-EMC<br><br>**ORDER DENYING PLAINTIFF'S PETITION TO MODIFY AND PARTIALLY VACATE THE ARBITRATION AWARD**<br><br>Docket No. 1 |

Plaintiff Cristina Balan is a former employee of Tesla Motors, Inc. Tesla employed Ms. Balan in two different periods: (1) from August 2010 to January 2013 and (2) from June 2013 to April 2014. For each period of employment, Ms. Balan's employment agreement contained an arbitration provision. *See* Hernaez Decl., Exs. 1-2 (employment letters). In April 2015, Ms. Balan made a demand for arbitration. *See* Hernaez Decl., Ex. 3 (demand for arbitration before JAMS). On October 18, 2018, the arbitrator issued his corrected final award. *See* Hernaez Decl., Ex. 8 (email); *see also* Pet. ¶ 44. The arbitrator found that Tesla improperly classified Ms. Balan as an exempt employee and thus was entitled to overtime wages as well wages for missed lunch breaks. However, the arbitrator also found that Ms. Balan had overstated her overtime hours and missed lunch breaks. For all other claims asserted by Ms. Balan – *e.g.*, wrongful termination in violation of public policy, medical condition or gender discrimination, and whistleblower retaliation – the arbitrator found in favor of Tesla.

Currently pending before the Court is Ms. Balan's petition to modify and partially vacate the arbitration award.

In response to the petition, Tesla has made multiple arguments. For purposes of this

opinion, the Court need only address one – namely, that the petition should be denied on the basis that it was untimely filed.

The Federal Arbitration Act ("FAA") provides that

> [a] written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Both parties agree that the FAA governs the instant case. *See* Pet. at 2 (referring to 9 U.S.C. §§ 10-11); Opp'n at 5 (referring to the FAA); *see also Circuit City Stores v. Adams*, 532 U.S. 105, 113 (2001) (rejecting the argument that an employment contract is not a "contract evidencing a transaction involving interstate commerce"); *cf.* Hernaez Decl., Exs. 1-2 (employment letters) (arbitration agreement providing that the arbitration shall be conducted "under the then current rules of JAMS for employment disputes"); JAMS Employment Arbitration Rules & Procedures, Rule 25 (providing that "[p]roceedings to enforce, confirm, modify or vacate an Award will be controlled by and conducted in conformity with the Federal Arbitration Act, 9 U.S.C. Sec 1, et seq., or applicable state law").

The FAA provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Tesla has provided evidence that the final award was delivered[1] to the parties (via an email to their counsel) on October 17, 2018, and that the corrected final award was delivered to the parties (again via an email to their counsel) on October 18, 2018. *See* Hernaez Decl., Exs. 7-8 (email). Therefore, Ms. Balan was required to serve on Tesla her petition to modify and partially vacate no later than January 18, 2019. Ms. Balan, however, did not serve (or file) her petition until January 25, 2019. *See* Docket No. 1 (complaint); Docket No. 5 (proof of service). Consequently, her petition is time barred.

---

[1] *See Sargent v. Paine Webber, Jackson & Curtis, Inc.*, 687 F. Supp. 7, 8-9 (D.D.C. 1988) (noting that some courts have held that an award is delivered on the day that the decision is received).

2

In her reply brief, Ms. Balan argues that she should be given relief from the time bar because her attorney told her that she had 100 days from the time she received the arbitration award to contest it. *See* Reply at 3 (noting that January 25, 2019, is 99 days after the corrected final award was delivered on October 18, 2018). Apparently, her attorney was under the impression that California law applied to the arbitration award instead of the FAA. However, even though the limitations period in the FAA is subject to equitable tolling, *see Move, Inc. v. Citigroup Global Mkts.*, 840 F.3d 1152, 1156 (9th Cir. 2016), "principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (not applying equitable tolling where petitioner argued that the failure to timely file "should be excused because his lawyer was absent from his office at the time that the EEOC notice was received"); *see also Holland v. Florida*, 560 U.S. 631, 651 (2010) (stating that "'a garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling"); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) ("conclud[ing] that the miscalculation of the limitations period by Frye's counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling").

The Court also notes, however, that, even if it were to consider the merits of Ms. Balan's petition, it would not rule in her favor. Ms. Balan has failed to show grounds for either modification or vacation. *See, e.g.*, 9 U.S.C. § 10 (providing that a court may vacate an arbitration award where, *e.g.*, it "was procured by corruption, fraud, or undue means," there was evidence partiality or corruption in the arbitrators," or "the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy" or "any other misbehavior by which the rights of any party have been prejudiced"); *id.* § 11 (providing that a court may modify or correct an arbitration award where, *e.g.*, "the award is imperfect in matter of form not affecting the merits of the controversy").

For example, Ms. Balan claims that the arbitrator had a conflict of interest because a Tesla witness knew the arbitrator's daughter. But the transcript indicates that the arbitrator and witness were simply having a brief light-hearted exchange – *i.e.*, there was no real claim that the witness

3

and the arbitrator's daughter (assuming the arbitrator has a daughter in the first place) actually knew one another. *See* Hernaez Decl., Ex. 9 (Tr. at 636-37). And even if there were some concern of bias here, Ms. Balan could have raised the issue immediately, but she failed to do so. In fact, she failed to raise the issue during the remainder of the arbitration hearing which continued for several days thereafter and then failed to raise the issue at any point before the arbitrator issued his corrected final award.[2] Finally, the Court notes that the FAA provides for vacation only where there is "evident partiality" on the part of the arbitrator, 9 U.S.C. § 10(2), and evident partiality means more than the mere appearance of bias. *See Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 173 (2d Cir. 1984); *see also Lagstein v. Certain Underwriters at Lloyd's*, 607 F.3d 634, 645-46 (9th Cir. 2010) (stating that, "[t]o show 'evident partiality' in an arbitrator, [the party] either must establish specific facts indicating actual bias toward or against a party or show that [arbitrator] failed to disclose to the parties information that creates '[a] *reasonable* impression of bias'") (emphasis added); *Scandinavian Reins. Co. v. St. Paul Fire & Mar. Ins. Co.*, 668 F.3d 60, 74 (2d Cir. 2012) (considering the following factors in assessing whether there is evident partiality: "(1) the extent and character of the personal interest, pecuniary or otherwise, of the arbitrator in the proceedings; (2) the directness of the relationship between the arbitrator and the party he is alleged to favor; (3) the connection of that relationship to the arbitrator; and (4) the proximity in time between the relationship and the arbitration proceeding") (internal quotation marks omitted). Ms. Balan at best has simply shown the mere possibility of bias, with no evidence to support such.

Ms. Balan also claims that the arbitrator acted improperly because Tesla failed to produce certain emails, claiming that they did not exist anymore, and the arbitrator never had a neutral expert look into possible spoliation or secretion of the emails and instead simply required Tesla to provide a declaration submitted under penalty of perjury. But Ms. Balan has failed to explain why the declaration – even if not her preferred remedy – was an inadequate one. There is no evidence that the arbitrator was "guilty of misconduct."

---

[2] Ms. Balan had knowledge of the alleged bias on December 20, 2017, the day that the exchange between the arbitrator and Tesla witness took place. The arbitrator's corrected final award issued on October 18, 2018.

4

Ms. Balan further criticizes the arbitrator for not awarding her the full amount requested on her misclassification cause of action and even intimates that he reduced the amount simply because of her eye rolling and "explosive" crossing of her arms. *See* Pet. at 3. But this is a vast oversimplification of the arbitrator's decision. The arbitrator issued a thoughtful and thorough decision and went into great length as to why he concluded the overtime and meal-and-rest-break hours claimed by Ms. Balan were inflated and not credible.[3] *See* Pet., Ex. A (Corrected Final Award at 16-28). And although the arbitrator did refer to eye rolling and "explosive" arm crossing in his decision, he did so as a small part of broader comments on Ms. Balan's credibility, *see* Pet., Ex. A (Corrected Final Award at 5-6), which the arbitrator was entitled to consider in assessing Ms. Balan's testimony. Again, there is no evidence of arbitrator misconduct.

Accordingly, the Court denies Ms. Balan's petition to modify and partially vacate. The petition is time barred and, even if not, fails on the merits.

This order disposes of Docket No. 1. The Clerk is instructed to enter judgment and close the file.

**IT IS SO ORDERED**.

Dated: March 28, 2019

_____
EDWARD M. CHEN
United States District Judge

---

[3] The Court notes that, contrary to what Ms. Balan suggests in her reply, it was not inconsistent for the arbitrator to find that Ms. Balan played an important role in, *e.g.*, the development of the clamshell but nevertheless inflated the actual hours she worked.

5